IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD BARKER | § | |
| v. | § | CIVIL ACTION NO. 9:12cv108 |
| WARDEN OLIVER, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Richard Barker, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report on September 18, 2012, recommending that the lawsuit be dismissed pursuant to the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that Barker had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus is barred from proceeding *in forma pauperis*; instead, Barker must pay the full filing fee at the institution of his case or show that he is in imminent danger of serious physical injury. Because Barker did neither of these, the Magistrate Judge recommended that Barker's *in forma pauperis* status be revoked and that the lawsuit be dismissed.

Barker filed objections to the Magistrate Judge's Report on September 28, 2012. In his objections, Barker complains that the *in forma pauperis* order entered by the Magistrate Judge charged him $350.00 for filing the lawsuit and says that he wanted the District Judge, not the Magistrate Judge, on his case. He asks why it is taking so long to bring him to court for a hearing.

1

Barker's objections are without merit. The fact that an collection order was entered stating that Barker owes $350.00 for the filing of the lawsuit is in accordance with 28 U.S.C. §1915(b). The Fifth Circuit has held that inmates are obligated to pay the full filing fee for a complaint, and this obligation arises at the moment that the lawsuit is filed. Hatchett v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000). This is true even where the complaint is subject to dismissal under 28 U.S.C. §1915(g). *See* In re Alea, 286 F.3d 378, 380-81 (6th Cir. 2002); Anderson v. Sundquist, 1 F.Supp.2d 828, 830 (W.D.Tenn, 1998). Barker's obligation to pay the full filing fee thus arose prior to, and was not extinguished by, the determination that he was subject to the bar of 28 U.S.C. §1915(g).

Barker's complaint that he did not want the Magistrate Judge to handle his case also lacks merit. The case was referred to the Magistrate Judge for the hearing of pre-trial matters and to submit recommendations for the disposition of prisoner petitions challenging the conditions of confinement or for motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss for failure to state a claim upon which relief may be granted, or to involuntarily dismiss an action, as set out in 28 U.S.C. §636(b). No consent is required for a referral under 28 U.S.C. §636(b), and litigants may not withhold consent to a referral under this provision. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002).

Finally, Barker requests an evidentiary hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). The Fifth Circuit has stated that "a district court is not required to hold a Spears hearing prior to dismissing a prisoner's civil rights action; moreover, not 'all or even most prisoner claims require or deserve a Spears hearing.'" Perez v. U.S., slip op. no. 11-41362, 2012 WL 2938060 (5th Cir., July 19, 2012), *citing* Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986) *and* Eason v. Thaler, 14 F.3d 8, 9 n.5 (5th Cir. 1994). This contention is without merit.

Barker does not object to the Magistrate Judge's conclusions that he does in fact have three strikes and that he failed to show that he is in imminent danger of serious bodily injury; accordingly, he is barred from *de novo* review by the district judge of those conclusions. Barker is also barred from appellate review of these unobjected-to proposed factual findings and legal conclusions except

upon a showing of plain error.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*)

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee.  The Plaintiff's *in forma pauperis* status is hereby REVOKED.  It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** on October __12__, 2012.

_____
Ron Clark
United States District Judge